UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRIDGETTE STEPHENS,

      Plaintiff,
vs.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

      Defendant.
_____)

The Plaintiff, Bridgette Stephens ("STEPHENS"), by and through the undersigned counsel, hereby sues Life Insurance of Company of North America ("LINA") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and postjudgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. STEPHENS was at all times relevant a plan participant under Genova

Diagnostics, Inc Group Policy LK-0964419 ("LTD" Plan).

3. Defendant, LINA, is a Corp with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Southern District of Florida. LINA is the insurer of benefits under Genova Diagnostics Inc. Group LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINA LTD Plan is an employee welfare benefit plans regulated by ERISA, established by Genova Diagnostics Inc. under which STEPHENS was a participant, and pursuant to which STEPHENS is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, STEPHENS is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as STEPHENS remains disabled as required under the terms and conditions of the LTD plan.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINA, is authorized to and is doing business within the Southern District of Florida, and the final denial of benefits occurred in this Court's jurisdiction.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. STEPHENS incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, STEPHENS was an employee or former employee of Genova Diagnostics, Inc. and a plan participant under the terms and conditions of the

LTD Plan.

8. Prior to disability STEPHENS worked as a Medical Laboratory Manager for Genova Diagnostics.

9. During the course of STEPHENS's employment, STEPHENS became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while STEPHENS was covered under the LTD Plan STEPHENS suffered a disability, as a result of Sickness rendering her disabled as defined under the terms of the LTD Plan. Due to concerns of privacy the nature of STEPHENS's sickness is set for in detail in the Administrative Record.

10. The LTD Plan defines disability to mean: The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is: 1. unable to perform the material duties of his or her Regular Occupation; and 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation. After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is: 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and 2. unable to earn 60% or more of his or her Indexed Earnings.

11. STEPHENS's claim is under the "any occupation" standard of disability.

12. Pursuant to the terms of the LTD Plan, STEPHENS made a claim to LINA for LTD benefits under the LTD Plan with an effective date of disability of February 13, 2019

13. Following the Elimination Period benefits became payable as of August

12, 2019.

14. On October 8, 2019, LINA advised STEPHENS that it was approving her claim for LTD Benefits as it had determined she was unable to perform the material duties of her Regular Occupation.

15. On December 3, 2020, the Social Security Administration approved STEPHENS' claim Social Security Disability.

16. On December 28, 2020, LINA sent STEPHENS to an Independent Medical Examination.

17. On March 18, 2021, LINA advised STEPHENS it would being its review of her entitlement to benefits under the "any occupation" standard of disability.

18. On August 5, 2021, LINA advised STEPHENS that it was terminating her claim for continued LTD benefits after determining she was not disabled under the "any occupation" standard of disability.

19. LINA based its determination on the findings of the IME exam that determined STEPHENS had light-medium physical demand ability and a vocational review that identified sedentary occupations STEPHENS was determined by LINA to have the ability to perform.

20. On November 23, 2021, STEPHENS submitted her administrative appeal of LINA's denial and in doing so provided a Functional Capacity Examination (FCE) that indicated she did not have the requisite physical ability to work.

21. On appeal LINA had STEPHENS's file reviewed by two peer review doctors specializing in occupational medicine and neurology.

22. On April 8, 2022, LINA notified STEPHENS it was upholding the denial

of her claim for LTD Benefits.

23. STEPHENS has exhausted her mandatory administrative remedy.

24. LINA breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to STEPHENS at a time when LINA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as STEPHENS was disabled and unable to work and therefore entitled to benefits.

   b. After STEPHENS's claim was denied in whole or in part, LINA failed to adequately describe to STEPHENS any additional material or information necessary for STEPHENS to perfect her claim along with an explanation of why such material is or was necessary.

   c. LINA failed to properly and adequately investigate the merits of STEPHENS's disability claim and failed to provide a full and fair review of STEPHENS's claim.

25. STEPHENS believes and alleges that LINA wrongfully denied her claim for LTD benefits under the LTD Plan, by other acts or omissions of which STEPHENS is presently unaware, but which may be discovered in this future litigation and which STEPHENS will immediately make LINA aware of once said acts or omissions are discovered by STEPHENS.

26. As a proximate result of the aforementioned wrongful conduct of LINA under the LTD Plan, STEPHENS has damages for loss of disability benefits in a total sum to be shown at the time of trial.

27. As a further direct and proximate result of this improper determination regarding STEPHENS's claims for benefits, STEPHENS, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), STEPHENS is entitled to have such fees and costs paid by LINA.

28. The wrongful conduct of LINA has created uncertainty where none should exist, therefore, STEPHENS is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Bridgette Stephens prays for relief against Life Insurance Company of North America as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: April 18, 2022

        ATTORNEYS DELL AND SCHAEFER,
        CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL 33020
        Telephone: (954) 620-8300

        __/s/ *Stephen F. Jessup*_____
        STEPHEN F. JESSUP, ESQUIRE
        Florida Bar No.: 0026264
        Email: stephen@diattorney.com